## Weingartner v. Weingartner

C.P. of Lawrence County, no. 10218 of 1995, C.A.

*Norman J. Barilla,* for plaintiff.
*George James,* for defendant.

MOTTO, *J.,* June 19, 1995—This custody action was initiated on February 28, 1995 by the plaintiff, Douglas C. Weingartner, a Lawrence County resident, for the custody of his son, Trevor Douglas Weingartner. The defendant, Sherry A. Weingartner, a Beaver County resident, subsequently filed preliminary objections on April 18, 1995, objecting to the jurisdiction of this

court to hear this custody dispute. A hearing on the defendant's preliminary objections was held on May 8, 1995.

The parties to this action were divorced in the Court of Common Pleas of Beaver County, Pennsylvania on or about October 20, 1992. As part of the parties' no-fault divorce, a consent decree was entered by the Honorable Peter O. Steege. Aside from the filing of the divorce complaint with its ancillary custody claim, and the entry of the no-fault consensual decree, no formal litigation of issues was conducted, in Beaver County or elsewhere.

During the course of the parties' marriage, two children were born, to wit: Trevor Douglas Weingartner, born May 17, 1988 and Asia Ann Weingartner, born March 13, 1990. As part of the parties' October 10, 1992 no-fault consent divorce decree, defendant herein was awarded legal and physical custody of the parties' minor children, subject to various periods of partial custody awarded to the plaintiff herein. Soon after the parties arrived at this agreement, it became apparent to defendant that she was unable to adequately care for both children, due to her living arrangements with her mother. As a result, the plaintiff and defendant negotiated a resolution wherein the parties' daughter Asia Ann would live with defendant/mother while the son Trevor Douglas would reside with the plaintiff/father. In addition, each parent enjoys the weekend with both children on an alternating basis. This has been the prevailing living arrangement since May 2, 1993. This arrangement was not reduced to court order.

The issue now before this court is whether, in light of the Beaver County divorce proceeding, ancillary custody claim, and no-fault consent decree, the Court of Common Pleas of Lawrence County has jurisdiction to hear plaintiff's complaint to confirm custody.

The Uniform Child Custody Jurisdiction Act, 23 Pa.C.S. §5341 et seq., governs this court's determination of the issue. The general purposes of the Act mandate:

"That litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of the Commonwealth decline the exercise of jurisdiction when the child and his family have a closer connection with another state." 23 Pa.C.S. §5342(a)(3). See also, *Aldridge v. Aldridge,* 326 Pa. Super. 49, 473 A.2d 602 (1984); *Commonwealth ex rel. Earl R. D. v. Linda H. S.,* 297 Pa. Super. 78, 443 A.2d 307 (1982).

The Uniform Child Custody Jurisdiction's application to intrastate disputes is codified in 23 Pa.C.S. §5364. Pursuant to this section "the provision of (the Act) allocating jurisdiction and functions between and among courts of different states shall also allocate jurisdiction and functions between and among the Courts of Common Pleas of this Commonwealth." 23 Pa.C.S. §5363. " 'Home state,' therefore is to be read as 'home county.' " *Brady v. Brady,* 25 D.&C.3d 196 (1982).

Section 5344(a) of the Act provided the basis for "home state" and "best interests" jurisdiction over custody disputes:

"(a) *General rules*—A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(1) This Commonwealth:

"(i) is the home state of the child at the time of the commencement of the proceedings; or

"(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from the Commonwealth because of the removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this Commonwealth.

"(2) It is in the best interest of the child that a court of the Commonwealth assume jurisdiction because:

"(i) the child and his parents, or the child and at least one contestant, have a significant connection with the Commonwealth; and

"(ii) there is available in this Commonwealth substantial evidence concerning the present and future care, protection, training and personal relationships of the child . . . ." 23 Pa.C.S. §5344.

From the language of section 5344 of the UCCJA, it is clear that the Act contemplates situations of concurrent jurisdiction in more than one state/county. As an example, a child may have "significant contacts" with one county, while his "home county," as defined within the Act, may be a different county altogether.

Presently, it is likewise clear that the two counties, Lawrence and Beaver, have competing interests involving the jurisdiction to hear this case. It is clear that the home county of each child is different. At the time of the parties' separation and divorce, Beaver County was the home county of both children. However, in May 1993, the defendant transferred physical "possession" of the parties' minor son to the plaintiff and Lawrence County while the minor daughter remained with defendant in Beaver County. Thus, for the past two years, Lawrence County has been home county for son, while Beaver County is home county for daughter. Son's only remaining connections with Beaver

County are his mother and sister's residence, his maternal grandmother's residence, his alternate weekend visits thereto, and the 3-year-old custody "decree" entered there. Conversely, son has resided in Lawrence County in excess of two years. He attends school, church and Sunday school classes in Lawrence County.

Accordingly, in addition to Lawrence County being his home county, the son also appears to have the requisite "significant contacts" with this county to satisfy the second jurisdictional test.

The defendant, however, argues that regardless of home county or significant contact jurisdiction, the entry of the previous decree in Beaver County vests continuing jurisdiction there. The defendant desires the court to interpret "commencement of the proceedings" as found in 23 Pa.C.S. §5344(a)(1)(i) to be limited solely to the original proceedings held in a child custody case. Following this argument, since Beaver County was the home county at the time of the original consent decree, the defendant would request that Beaver County retain jurisdiction over all parties, arguably for all time. The court finds this interpretation incorrect and inconsistent to the purposes of the Act outlined above. The defendant's argument, if accepted, would permit a county to continue to assert jurisdiction over a child long after the child had become a bona fide domiciliary of another county and where the second county could assert valid interests in the welfare of the child. The court deduces that the better way to avoid jurisdictional competition and conflicts is to interpret "commencement of the proceedings," to mean any particular proceeding that may be brought to establish or modify custody and not limiting the phrase to the initial hearing or petition for custody. This interpretation clearly renders juris-

diction over plaintiff's complaint to confirm custody, here, in the Court of Common Pleas of Lawrence County.

The defendant had argued that the father "by acceding to the custody in the (mother) by agreed court order in (Beaver County), also placed the custody issue under the (continuing) jurisdiction of (that) court." *Hattoum v. Hattoum*, 295 Pa. Super. 169, 178, 441 A.2d 403, 407 (1982). However, as recognized by the Superior Court in *Hattoum* "the entrance of an order in a particular jurisdiction is a factor, but certainly not the only factor" to finally determine a jurisdiction issue. *Id.* The present case is factually akin to the type hypothesized by *Hattoum* in which the "forum of parental choice for an initial order was not presently substantially connected with the lives of the children." *Id.*

To the extent that this case could be considered one wherein simultaneous proceedings are *pending* in Lawrence and Beaver Counties, the court procedure would be governed by section 5347 of the Act. In such an instance the court would be required "to communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum . . . ." 23 Pa.C.S. §5347(c). The court has communicated with the Court of Common Pleas of Beaver County, as evidenced by the attached letter of the Honorable Peter O. Steege, and both courts believe Lawrence County to be the more appropriate forum for litigation of the plaintiff's complaint to confirm custody.

Accordingly, the preliminary objections to the plaintiff's complaint shall be dismissed in accordance with the attached order.

## ORDER

And now, June 19, 1995, this case having been heard upon defendant's preliminary objections to the plaintiff's complaint to confirm custody, with plaintiff, Douglas C. Weingartner appearing with counsel, Norman J. Barilla, Esquire and defendant, Sherry A. Weingartner appearing with counsel, George James, Esquire; upon hearing the evidence, reviewing the record, hearing arguments of counsel and communicating with the Court of Common Pleas of Beaver County; it is hereby ordered, adjudged and decreed as follows: Lawrence County has jurisdiction to hear this matter and is an appropriate and convenient forum and this court hereby retains jurisdiction of this matter, the defendant's preliminary objections to the plaintiff's complaint are therefore dismissed.